IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| GREGORY S. BRIDGMAN, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, | * | No. 1:17cv00044-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Mr. Bridgman has appealed the final decision of the Commissioner of the Social Security

Administration to deny his claim for disability insurance benefits.   The Administrative Law Judge

(ALJ) concluded he had not been under a disability within the meaning of the Social Security Act,

because jobs existed in significant numbers which he could perform despite his impairments.   (Tr.

36-51.)

This review function is extremely limited.   A court's function on review is to determine

whether the Commissioner's decision is supported by substantial evidence on the record as a whole

and to analyze whether Plaintiff was denied benefits due to legal error.   *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).   Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.   *Richardson v.

Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts

from the Commissioner's decision as well as evidence that supports it; a court may not, however,

reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision.   *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is forty-six years old. (Tr. 113.) He has bachelor's degrees in history and political science (Tr. 115), and past work as a manager, supervisor, customer service representative, stocker, and sales/advertising representative. (Tr. 49.)

The ALJ[1] found Mr. Bridgman met the disability eligibility requirements to apply for disability insurance benefits. (Tr. 38.) He has "severe" impairments in the form of cervical and lumbar degenerative disc disease, and affective and anxiety disorders. (*Id*.) The ALJ further found Mr. Bridgman did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 39-41.)

The ALJ determined Mr. Bridgman had the residual functional capacity to perform a reduced range of sedentary work given his mental and physical impairments. (Tr. 41.) Given his residual functional capacity, the ALJ determined Mr. Bridgman could no longer perform any of his past relevant work. (Tr. 48-49.) So the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. (Tr. 134-138.)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

2

Based on the expert's testimony, the ALJ concluded Mr. Bridgman could perform the jobs of final assembler of optical goods and surveillance system monitor.   (Tr. 50.)   Accordingly, the ALJ determined Mr. Bridgman was not disabled.   (*Id*.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.   (Tr. 1-4.)   Plaintiff filed the instant Complaint initiating this appeal.   (Doc. No. 2.)

The issue in this case is whether the ALJ rightly discounted the opinion of Plaintiff's treating physician, Scott Darby, M.D.   (Doc. No. 11 at 9-13.)   Dr. Darby has been Plaintiff's treating doctor for some time and he completed a Physical Residual Functional Capacity Questionnaire whereby he concluded Mr. Bridgman is extremely limited.   If found to be persuasive and given the vocational expert's testimony (Tr. 137-138), Dr. Darby's opinion would likely mean that no jobs existed in significant numbers in the national economy that Plaintiff could perform.

The ALJ considered this evidence and stated, "While Dr. Darby's opinion that the claimant is able to perform sedentary work is supported by the overall medical evidence, his findings that the claimant requires frequent breaks and that the claimant has significant postural and manipulative limitations is not supported."   (Tr. 47.)

Plaintiff correctly argues his treating doctor should generally be given deference. But after a close review of the record, I find the ALJ could properly discount Dr. Darby's opinions.

The United States Court of Appeals for the Eighth Circuit has reiterated:

Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding.   20 C.F.R. § 404.1527(c)(2).   Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight.   *Id.*   "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by

better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted).   Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion.   20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Here, the ALJ had fair reasons to discount Dr. Darby's conclusions.   Dr. Darby concluded Mr. Bridgman is *extremely* limited.   (Tr. 770-773.)   This included the ability to only walk one block and the inability to stand for more than fifteen minutes at a time.   (Tr. 771.)   But as the Commissioner points out in her brief, the medical evidence simply fails to support this conclusion. (Doc. No. 12 at 4-6.)   In reviewing the overall treatment records I, too, fail to find support for Dr. Darby's conclusions.   Treatment records do reveal Mr. Bridgman has had serious ongoing health issues.   Yet they do not support limitation to the degree reported by Dr. Bridgman.   For example, treatment notes report Plaintiff had "no difficulty walking or standing."   (Tr. 546, 623.)   As the ALJ correctly stated, "The claimant's physical examinations and diagnostic imaging simply do not support these extreme limitations."   (Tr. 47.)   Therefore, the ALJ could rightly discount Dr. Darby's opinions.

And although Janet Cathey, M.D., and Rosey Seguin, M.D., reviewed only the medical evidence and did not have the benefit of examining Mr. Bridgman, their opinions that Plaintiff was capable of performing work activities constitute substantial evidence upon which the ALJ could rely.   (Tr. 154-156, 178-180.)

I am sympathetic to Mr. Bridgman's claims as he clearly has some limitations.   But the overall medical evidence provides substantial support for the ALJ's determination that he could perform work at the sedentary exertional level.

Plaintiff had the burden of proving his disability.   *E.g., Sykes v. Bowen*, 854 F.2d 284, 285

(8th Cir. 1988).   Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).   Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.   *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff's counsel has done an admirable job advocating for Plaintiff.   But it is not the task of a court to review the evidence and make an independent decision.   Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.   *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.   *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 7th day of December, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

5